UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRISTAR INVESTORS, INC.,<br>    Plaintiff,<br>v.<br>AMERICAN TOWER<br>CORPORATION, et al.,<br>    Defendants.<br><br>AMERICAN TOWER, LLC, et al.,<br>    Counter-Plaintiffs,<br>v.<br>TRISTAR INVESTORS, INC.<br>    Counter-Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | MBD No.:<br><br><br><br><br>Pending in the U.S.D.C. for the<br>Northern District of Texas,<br>Civil Action No. 3:12-cv-499 |

## AMERICAN TOWER'S MOTION TO COMPEL PLAINTIFF'S INVESTOR, COLUMBIA CAPITAL, LLC, TO PRODUCE SUBPOENAED DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 26(b), 34(c), 37, and 45, Defendants, American Tower Corporation, American Tower Guarantor Sub, LLC, American Tower Holding Sub, LLC, American Tower Asset Sub, LLC, American Tower Asset Sub II, LLC, American Tower Management, LLC, American Tower L.P., American Towers, LLC (also a counter-plaintiff) and SpectraSite Communications, LLC (also a counter-plaintiff), and counter-plaintiff American Tower LLC (collectively "American Tower"), respectfully move this Court for entry of an order compelling Columbia Capital, LLC ("Columbia") to produce documents responsive to American Tower's Subpoena Duces Tecum served August 10, 2012. The grounds for this motion are set forth more fully in American Tower's accompanying memorandum of law and supporting affidavit, which are filed concurrently with this motion.

## FACTUAL BACKGROUND

Columbia is a private equity firm that has made a significant investment in TriStar. Columbia is also actively involved in TriStar's growth and business strategy, in part because Columbia partners sit on TriStar's board of directors. With Columbia and two of American Tower's large cell tower company competitors, TriStar is engaged in an elaborate scheme whereby it acquires easements in land under cell towers American Tower operates, bundles those easements, and then tries to flip them back to American Tower at an inflated price. In fact, after TriStar tried to sell its bundled easements to American Tower, but American Tower rejected this offer and instead threatened to sue TriStar for its misconduct in the marketplace, TriStar sued American Tower (the "Texas Litigation").

## DISCOVERY DISPUTE

American Tower seeks discovery to defend itself against TriStar's claims in the Texas Litigation: false advertising under the Lanham Act, unfair competition, tortious interference, business disparagement, breach of contract, and monopolization and attempted monopolization under Sherman Act § 2. American Tower also seeks discovery to support its counterclaims against TriStar: false advertising under the Lanham Act, unfair competition, tortious interference, business disparagement, and trade secret misappropriation. Because of Columbia's financial investment in and close relationship with TriStar, American Tower served a subpoena duces tecum containing thirty-two document requests on Columbia on August 10, 2012.

American Tower's document requests to Columbia seek documents that are plainly relevant to the claims and defenses in the Texas Litigation. For example, because American Tower believes TriStar's private equity investors such as Columbia are seeking a short-term

return on their investment and therefore propel TriStar's scheme to defraud landowners, American Tower requested documents pertaining to Columbia's expected return for its investment in TriStar and the time frame it assigned to that expected return. Documents regarding Columbia's assessment of TriStar's profitability were requested because they will tend to prove or disprove TriStar's antitrust claim that American Tower has prevented TriStar from being able to enter and compete in TriStar's defined market. Documents showing Columbia's instructions to its employees who sit on TriStar's Board of Directors regarding how to vote on issues pertaining to American Tower are relevant to American Tower's allegations that TriStar has engaged in a targeted campaign of accumulating easements under American Tower's cell towers in order to try to sell that bundle of easements to American Tower for a hefty profit. Such documents should also demonstrate the degree to which Columbia was involved in orchestrating TriStar's unfair business practices.

Even though the requests seek documents fitting well within the broad scope of discovery permitted by the Federal Rules and First Circuit, using the same counsel as TriStar in the Texas Litigation, Columbia sent American Tower a letter containing boilerplate objections to the entire subpoena on August 24, 2012. In an attempt to resolve all discovery disputes without court intervention, American Tower sent letters on August 30, 2012 and October 15, 2012 and also initiated a lengthy meet and confer with Columbia's counsel. However, Columbia refuses to withdraw its boilerplate objections to Request Nos. 6, 10, 11, 16, 17, 18, 19, 20, 22, 23, and 32. In fact, Columbia has yet to produce a single document in response to the subpoena.

For these reasons, American Tower's motion to compel should be granted. American Tower hereby incorporates all arguments contained in its memorandum of law as if set forth herein.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), American Tower believes that oral argument may assist the Court and wishes to be heard regarding this motion.

Dated: November 15, 2012

Respectfully submitted,

By:    /s/ Douglas M. Poulin
Douglas M. Poulin, Esq. (BBO#649233)
McElroy, Deutsch,
Mulvaney & Carpenter, LLP
One State Street
Hartford, CT 06103
Tel. (860) 522-5175
Fax: (860) 522-2796
dpoulin@mdmc-law.com

Gary F. Sheldon, Esq. (BBO#675241)
McElroy, Deutsch,
Mulvaney & Carpenter, LLP
One State Street
Hartford, CT 06103
Tel. (860) 522-5175
Fax: (860) 522-2796
gsheldon@mdmc-law.com

Jon G. Shepherd
Texas State Bar No. 00788402
Courtney L. Gilbert
Texas State Bar No. 24066026
ALSTON & BIRD LLP
2828 N. Harwood Street, Ste. 1800
Dallas, TX 75201
Telephone: (214) 922-3400
Facsimile: (214) 922-3899
jon.shepherd@alston.com
courtney.gilbert@alston.com

COUNSEL FOR DEFENDANTS
AND COUNTERCLAIM-PLAINTIFFS

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules 7.1(a)(2), 26.2(c), and 37.1(b), I hereby certify that American Tower has made a reasonable and good faith effort, both orally and in writing, to reach an agreement with opposing counsel on the matters set forth in this motion as reflected in the affidavit filed herewith. Counsel were unable to reach an agreement given that Columbia adheres to its previously stated objections without modification, and judicial intervention is therefore requested.

/s/ Douglas M. Poulin
Douglas M. Poulin, Esq. (BBO#649233)

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon Columbia Capital LLC's attorney, Matthew R. Stammel, Vinson & Elkins LLP, 2001 Ross Avenue, Suite 3700, Dallas, Texas 75201, by certified mail, return receipt requested on November 15, 2012.

/s/ Douglas M. Poulin
Douglas M. Poulin, Esq. (BBO#649233)